**B1 (Official Form 1) (1/08)**

| United States Bankruptcy Court<br>**EASTERN DISTRICT OF MICHIGAN** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Recticel North America, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names):<br>**Recticel UREPP North America, Inc.** | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No. Complete EIN (if more than one, state all): 38-2993810 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No. Complete EIN. (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**1653 Atlantic Boulevard**<br>**Auburn Hills, Michigan**<br>ZIP CODE **48326** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Oakland County** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>The Debtor and its affiliated debtor own and operate manufacturing facilities located in Auburn Hills, Michigan; Clarkston, Michigan; and Tuscaloosa, Alabama.  ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check **one** box.)
- ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ■ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check **one** box.)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ■ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box)
- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Tax-Exempt Entity** (Check box, if applicable.)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts** (Check one box)
- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ■ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ■ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3 A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
**Check one box:**
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

---
**Check all applicable boxes:**
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ■ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**THIS SPACE IS FOR COURT USE ONLY**

Estimated Number of Creditors*

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ■ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |

Estimated Assets*

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ■ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |

Estimated Liabilities*

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ■ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |

---

* Statistical/Administrative Information presented on a consolidated basis.

| Voluntary Petition *(This page must be completed and filed in every case)* | Name of Debtor(s): **Recticel North America, Inc.** | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: **See attached Annex "A"** | Case Number: | Date Filed: |
| District: **Eastern District of Michigan** | Relationship: | Judge: |

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X _____
   Signature of Attorney for Debtors)    (Date)

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

■ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l))..

| B1 (Official Form) 1 (1/08) | Page 3 |
|---|---|
| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Recticel North America, Inc.** |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |
| **Signature of Attorney***<br><br>X */s/ [signature]*<br>Signature of Attorney for Debtor(s)<br>**Robert S. Hertzberg**<br>Printed Name of Attorney for Debtor(s)<br>**Pepper Hamilton LLP**<br>**Suite 3600**<br>**100 Renaissance Center**<br>**Detroit, Michigan 48243**<br>**313.259.7110**<br>October 29, 2009<br>Date<br><br>* In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is correct. | **Signature of Non-Attorney Bankruptcy Petition Preparer**<br><br>I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>Address<br>_____<br>X _____<br><br>_____<br>Date |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X */s/ [signature]*<br>Signature of Authorized Individual<br>**Arthur H. Vartanian**<br>Printed Name of Authorized Individual<br>**President**<br>Title of Authorized Individual<br>**October 29, 2009**<br>Date | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

## Annex A

## Bankruptcy Cases Concurrently Filed By
## Any Partner or Affiliate of the Debtor

**The Debtor and each of the affiliated entities listed below filed in this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code:**

Recticel North America, Inc.
Recticel Interiors North America, LLC

**In addition, at the time of filing of these voluntary petitions, these entities collectively filed a motion seeking entry of an order jointly administering and consolidating for administrative purposes only these chapter 11 cases.**

# UNANIMOUS WRITTEN CONSENT
# OF THE BOARD OF DIRECTORS OF
# RECTICEL NORTH AMERICA, INC.
# AS OF OCTOBER 28, 2009

The undersigned, being all of the members of the Board of Directors (the "Board") of Recticel North America, Inc., a/k/a Recticel UREPP North America, Inc. (the "Corporation"), do hereby adopt the following resolutions:

WHEREAS, it is in the best interest of Recticel Interiors North America, LLC (the "Subsidiary") and the Corporation for the Corporation, in its capacity as the sole member of the Subsidiary, to consent to the amendment of certain provisions of the Operating Agreement for the Subsidiary dated as of December 9, 2005 (the "Operating Agreement") concerning dissolution; and

WHEREAS, the executive officers and financial and legal advisors of the Corporation have reviewed and discussed with the Board the Corporation's current circumstances regarding financial liquidity; and

WHEREAS, the Board has evaluated and considered the information provided and the recommendations of the Corporation's executive officers and financial and legal advisors; and

WHEREAS, the Board has evaluated and considered the same in its capacity as the sole member of the Subsidiary in regard to the Subsidiary.

NOW, THEREFORE, IT IS HEREBY RESOLVED, that the First Amendment to the Operating Agreement (the "First Amendment") is hereby approved in the form attached hereto as Schedule A; and it is

FURTHER RESOLVED, that the Subsidiary consent attached hereto in the form of Schedule B is hereby approved and adopted in all respects; and it is

FURTHER RESOLVED, in the judgment of the Board, it is desirable and in the best interests of the Corporation, creditors of the Corporation, shareholder or stockholder, as the case may be, of the Corporation and other interested parties, for the Corporation to file a petition (the "Petition") seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and it is

FURTHER RESOLVED, that the first Amendment and the Petition are adopted in all respects, and that the officers of the Corporation (the "Authorized Persons") be, and they hereby are, authorized and directed, on behalf of the Corporation, to execute the First Amendment and to execute the Petition or authorize the

-1-

execution of a filing of the Petition by the Corporation and to cause the same to be filed (the "Chapter 11 Proceedings") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") at such time as the Authorized Persons consider appropriate; and it is

FURTHER RESOLVED, that the Authorized Persons be, and they hereby are authorized to execute and file all petitions, schedules, lists and other papers and to take any and all actions which they may deem necessary or proper in connection with the Chapter 11 Proceedings, and to retain and employ all assistance by legal counsel or otherwise, which they may deem necessary or proper with a view to the successful prosecution of the Chapter 11 Proceedings; and it is

FURTHER RESOLVED, that the Authorized Persons be, and they hereby are, authorized to retain on behalf of the Corporation the law firm of Pepper Hamilton, LLP, upon such terms and conditions as the Authorized Persons shall approve, to render legal services to, and to represent, the Corporation in connection with the Chapter 11 Proceedings; and it is

FURTHER RESOLVED, that the Authorized Persons be, and they hereby are, authorized to retain on behalf of the Corporation other attorneys, investment bankers, accountants, restructuring professionals, financial advisors and other professionals to assist in the Chapter 11 Proceedings, upon such terms and conditions as the officers shall approve, to assist the Corporation in connection with the Chapter 11 Proceedings on such terms as are deemed necessary, proper and desirable; and it is

FURTHER RESOLVED, that in connection with the commencement of the Chapter 11 Proceedings by the Corporation, the Authorized Persons be, and they hereby are, authorized and empowered on behalf of, and in the name of, the Corporation to negotiate, execute and deliver a debtor in possession loan facility or other form of credit support or enhancement (including, without limitation, in connection therewith, such commitment letters, fee letters, notes, security agreements and other agreements or instruments as such Authorized Persons consider appropriate) on the terms and conditions as such Authorized Person executing the same may consider necessary, proper or desirable (including, without limitation, the granting of liens, security interests and superpriority Chapter 11 administrative claims and the guaranteeing of affiliate obligations), such determination to be conclusively evidenced by such execution or the taking of such action, and to consummate the transactions contemplated by such agreement or instruments on behalf of the Corporation and/or file such pleadings as may be necessary with the Bankruptcy Court in respect thereof; and it is

FURTHER RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Person to file the voluntary petition for relief under Chapter 11 of the Bankruptcy Code or in any other connection with the Chapter 11 Proceedings, or any manner related thereto, or by virtue of these resolutions be, and hereby are, in all respects ratified, confirmed and approved; and it is

-2-

FURTHER RESOLVED, that the Authorized Persons be, and each of them, with full authority to act without the others, hereby is, authorized and directed, in the name and on behalf of the Corporation to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered all such further agreements, documents, certificates, and undertakings, and to incur all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is

FURTHER RESOLVED, that the undersigned hereby waives any and all irregularities of notice, with respect to the time and place of meeting, and consents to the transaction of all business represented by this Unanimous Written Consent; and it is

FURTHER RESOLVED, that this Unanimous Written Consent may be executed in any number of counterparts, and each counterpart hereof shall be deemed to be an original instrument, and all such counterparts together shall constitute but one consent.

[Signature Page Follows]

In witness whereof, the undersigned have signed this consent as of the day and year first above-written.

_____
Arthur H. Vartanian

_____
Derek Strehl

-4-

# SCHEDULE A

# FIRST AMENDMENT TO THE
# LIMITED LIABILITY COMPANY AGREEMENT OF
# RECTICEL INTERIORS NORTH AMERICA, LLC

THIS FIRST AMENDMENT (this "Amendment"), to the Operating Agreement for Recticel Interiors North America, LLC (the "Company"), is made and entered into as of this [] day of October, 2009, by Recticel North America, Inc., a/k/a Recticel UREPP North America, Inc. (the "Member"), as the sole member of the Company.

WITNESSETH:

WHEREAS, the Member and Company entered into that certain Operating Agreement (the "Operating Agreement"), dated as of the 9th day of December, 2005, which sets forth the rights, duties and obligations, and interests of the Member in and to the Company;

WHEREAS, the Member desires to amend certain provisions of the Operating Agreement pertaining to dissolution of the Company;

NOW, THEREFORE, for and in consideration of these premises, the conditions and agreements set forth herein and other good and valuable considerations, the receipt and sufficiency of which is hereby acknowledged, the Member agrees to amend the Operating Agreement as follows:

1. The following section is added as Section 9.3:

   "The commencement of any proceedings by or against the Member seeking reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any statute, law or regulation shall not cause the Member to cease to be a member or cause the Company to be dissolved."

2. Unless amended or modified herein or unless the context otherwise requires, all terms defined in or by reference to the Operating Agreement shall have the same meaning when used herein.

3. All references to sections herein shall refer to sections contained in the Operating Agreement.

4. Except as expressly modified hereby, each of the terms, provisions and conditions of the Operating Agreement, as amended, and portions thereof shall remain in full force and effect together with the modifications contained in herein.

5. This Amendment shall be binding upon the parties hereto, their successors and assigns.

[Signature Page Follows]

IN WITNESS WHEREOF, the undersigned has executed this Amendment as of the day and year first above-written.

MEMBER :

Recticel North America, Inc.

By: *[signature]*
    Name:    Arthur H. Vartanian
    Title:     President

COMPANY :

Recticel Interiors North America, LLC

By: *[signature]*
    Name:    Arthur H. Vartanian
    Title:     President

# SCHEDULE B

# WRITTEN CONSENT
# OF THE SOLE MEMBER OF
# RECTICEL INTERIORS NORTH AMERICA, LLC
# AS OF OCTOBER 28, 2009

The undersigned, being an authorized officer of Recticel North America, Inc., a/k/a Recticel UREPP North America, Inc., as the sole member (the "Member") of Recticel Interiors North America, LLC (the "Company"), does hereby adopt the following resolutions:

> WHEREAS, the executive officers and financial and legal advisors of the Company have reviewed and discussed with the Member the Company's current circumstances regarding financial liquidity; and
>
> WHEREAS, the Member has evaluated and considered the information provided and the recommendations of the Company's executive officers and financial and legal advisors.
>
> NOW, THEREFORE, IT IS HEREBY RESOLVED, that, in the judgment of the Member, it is desirable and in the best interests of the Company, creditors of the Company, members, as the case may be, of the Company and other interested parties, for the Company to file a petition (the "Petition") seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and it is
>
> FURTHER RESOLVED, that the Petition is adopted in all respects, and that the executive officers of the Company (the "Authorized Persons") be, and they hereby are, authorized and directed, on behalf of the Company, to execute the Petition or authorize the execution of a filing of the Petition by the Company and to cause the same to be filed (the "Chapter 11 Proceedings") with the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court") at such time as the Authorized Persons consider appropriate; and it is
>
> FURTHER RESOLVED, that the Authorized Persons be, and they hereby are authorized to execute and file all petitions, schedules, lists and other papers and to take any and all actions which they may deem necessary or proper in connection with the Chapter 11 Proceedings, and to retain and employ all assistance by legal counsel or otherwise, which they may deem necessary or proper with a view to the successful prosecution of the Chapter 11 Proceedings; and it is
>
> FURTHER RESOLVED, that the Authorized Persons be, and they hereby are, authorized to retain on behalf of the Company the law firm of Pepper Hamilton, LLP, upon such terms and conditions as the Authorized Persons shall approve, to render legal services to, and to represent, the Company in connection with the Chapter 11 Proceedings; and it is

FURTHER RESOLVED, that the Authorized Persons be, and they hereby are, authorized to retain on behalf of the Company other attorneys, investment bankers, accountants, restructuring professionals, financial advisors and other professionals to assist in the Chapter 11 Proceedings, upon such terms and conditions as the officers shall approve, to assist the Company in connection with the Chapter 11 Proceedings on such terms as are deemed necessary, proper and desirable; and it is

FURTHER RESOLVED, that in connection with the commencement of the Chapter 11 Proceedings by the Company, the Authorized Persons be, and they hereby are, authorized and empowered on behalf of, and in the name of, the Company to negotiate, execute and deliver a debtor in possession loan facility or other form of credit support or enhancement (including, without limitation, in connection therewith, such commitment letters, fee letters, notes, security agreements and other agreements or instruments as such Authorized Persons consider appropriate) on the terms and conditions as such Authorized Person executing the same may consider necessary, proper or desirable (including, without limitation, the granting of liens, security interests and superpriority Chapter 11 administrative claims and the guaranteeing of affiliate obligations), such determination to be conclusively evidenced by such execution or the taking of such action, and to consummate the transactions contemplated by such agreement or instruments on behalf of the Company and/or file such pleadings as may be necessary with the Bankruptcy Court in respect thereof; and it is

FURTHER RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Person to file the voluntary petition for relief under Chapter 11 of the Bankruptcy Code or in any other connection with the Chapter 11 Proceedings, or any manner related thereto, or by virtue of these resolutions be, and hereby are, in all respects ratified, confirmed and approved; and it is

FURTHER RESOLVED, that the Authorized Persons be, and each of them, with full authority to act without the others, hereby is, authorized and directed, in the name and on behalf of the Company to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered all such further agreements, documents, certificates, and undertakings, and to incur all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is

FURTHER RESOLVED, that the undersigned hereby waives any and all irregularities of notice, with respect to the time and place of meeting, and consents to the transaction of all business represented by this Written Consent.

[Signature Page Follows]

In witness whereof, the undersigned have signed this consent as of the day and year first above-written.

                                        MEMBER:

                                        Recticel North America, Inc.

                                        *[signature]*

                                        Name:    Arthur H. Vartanian
                                        Title:     President